To go with the next case, it's Sherman Nealy v. Atlantic Recording. Chris Kleppen is here for the appellants, Karen Stetson for the appellees, and Mr. Kleppen you may begin. May it please the Court, Your Honor, thank you. We've been limited to a relatively narrow legal issue, and on that issue we have submitted a notice of supplemental authority. Well, you got a lifeline from the Ninth Circuit after the briefs were filed in Shraz v. MGM, right? It's a very, very helpful order, Your Honor, yes, yes it is. And this case is just like that one? This case is like that one. It's similar enough on that legal issue, yes, that that opinion could essentially be adopted as this one by this Court. Now the STARS opinion has been cited by some district courts, and in particular the Chief Judge of the District of Delaware, and I would cite this opinion to Your Honors, AMO Development LLC v. Alcon Vision, LLC. It's the District of Delaware. It can be found on, it's a Westlaw site is all I have for it, 2022 WL17475479. And Colm Connolly, the Chief Judge, goes into great detail and expounds on the STARS Entertainment LLC v. MGM even more, and is why that should carry the day, and I briefly want to . . . Let me ask you, I'm sorry Chuck, go ahead. So let me ask you, I want to find out from you and I'll ask your opponents on the other side the same question. So we have not decided whether or not there is a discovery rule for copyright infringement for accrual purposes, right? We have not decided that yet in a published opinion, right? It hasn't been . . . Like nine or ten other circuits have, and they all seem to go one way, as the Supreme I forget the name of the case now, the Supreme Court case, yes. But we haven't decided that discovery issue, right? The issue hasn't been decided directly on a case like this one where there's a continuous pattern of infringement. No, it hasn't been decided at all in the copyright context. We've decided discovery accrual issues for other statutes, trademark infringement, for example, patent infringement, but we haven't decided a case involving copyright infringement, right? Well, the closest case that comes to it, Your Honor, is Judge Wilson's opinion in Webster v. Dean Katars at 955 F. 3rd, 1270. In that particular case, the court did hold that it adopted the approach used by the First, Second, Fifth, and Seventh Circuits that an ownership claim, now that was an ownership case. This case is . . . and let me just digress for one minute about that. There can be a continuous infringement, like here, of the appellant's music, or there can also be cases where there's a dispute over ownership. Who owns that copyright? And in Webster v. Dean Katars, a man, Mr. Webster, said, well, I developed this little lightning bolt design on a guitar as artistry 30 years ago, but he didn't actually register that copyright until 30 years later in 2016. So the gravamen of that case, when other people were using it for years, and another person said, well, that really belongs to me, the court found that, and I'm quoting from the language of that opinion, that it, quote, primarily concerned copyright ownership. In this case, even though the defense is interjecting a copyright ownership interjection in it where they're saying, yes, we use the copyright, we violated it, we admit that, however, there's a dispute not between us, we're not saying us as the appellees own the copyright, but there's third parties out there, and we're going to argue that these third parties really own the copyright. So only to that limited extent has the court accepted this . . . Reverend, let me get you to help me then, so I appreciate the answer. Let me ask you to help me with damages and discovery and accrual. Sure. So let's see if we can map this out. So let's use January 1st as a date. Let's say that on January 1st of 2020, there is copyright infringement. Let's take it out of the ownership area. Let's say that on January 1st of 2020, there is copyright infringement, okay? Yes. The plaintiff in our hypothetical case does not learn of, and the infringement continues, our plaintiff does not learn of the copyright infringement, doesn't reasonably discover it until January 1st of 2023, okay? Yes. When does the statute of limitations begin to run? Begins to run on January 1st, 2023, when he learns about it under the discovery rule. Got it. Okay, understood. How far back do the damages . . . he files suit on January 1st of 2026. So timely, within the three-year statute of limitations. Yes. How far back can he get damages? The damages go back to whenever the infringement started. And here's . . . Even if the infringement goes back to 1971? Yes, and here's why. Why does discovery in accrual have that effect on damages computation? The reason why is if you look at 17 U.S.C. section 504, which is the damages remedy for the trademark copyright infringement statute, it states right under subsection A that an infringer is liable for either, one, the copyright owner's actual damages and any additional profits of the infringer, or two, statutory damages. And there's absolutely no limitation, temporally, on those damages at all in the plain meaning of that statute. And that's an old statute that's been around for a long time and litigated for a long time. And then when you get into 17 U.S.C. section 507, that talks about the three-year statute of limitations, it does not mention damages at all. That statute, and I'm quoting, it's a very short sentence. This is 507B in civil actions, quote, no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued. So why are a number of courts talking about the link between the discovery rule accrual and the window for recovering damages? Okay, here's why. Because latches applies, just like equitable tolling applies, latches does apply to just about any statutory cause of action that's out there. And so if you take a look at the Petrella case, is a perfect example of this, and it's that case that these courts are talking about, it's the Supreme Court case from 2014. In Petrella, a woman knew in 1991 that a movie involving her family members, that there was copyright infringement concerning it. She hired counsel. She learned all about the infringement. Very, very wise counsel instructed her in 2009, now's the time to sue. And here's why. The copyright's been used so much in the last few years, it's worth a lot of money now to sue, but we can't sue for all 18 years of the infringement because the court's going to say it's latches. So in the lawsuit, let's limit it to three years. We're going to plead that we can only go back three years and we're going to preemptive strike their affirmative defense that otherwise would come that's latches. Now latches was brought anyway, and the Supreme Court of the United States held that it didn't apply. But latches did not because . . . To the timing issue. To the timing issue because they brought the . . . they limited the damages to three years. Here's the . . . That's not why the court ruled that. I mean that's the consequence, but what they . . . the way I read the Supreme Court's opinion was that when Congress sets a three-year statute of limitations, the presumption is that that three-year period doesn't encompass a latches bar. You may have latches affect remedy, but not the timing of when you can sue. Have I . . . Did I misread that case? No, I don't think you misread the case. I think that that case is governed by the fact that the plaintiff's attorney, very wisely in my opinion, limited his own client's cause of action to just three years so he wouldn't have to deal with latches. Right, but that case has very little to do with damages because . . . I agree. . . . like you said, the damages issue wasn't presented because of the lawyer's tactical decision about what to ask for. Right. Now in SOM, and here's . . . So you don't need the discovery rule in this case, right? Well, no, we do need the . . . You need it for some of the songs. We really need the discovery rule as the STARS Entertainment MGM Court held because of 504 and 507 that I just read to the court. It concluded, as I do, that there just is no damages limitation there. It states that any infringement can be recovered. Right, and I'm sorry, I'm just the one having a conceptual problem. It's not you, it's me. But the alternative discovery rule only matters for purposes of when the statute of limitations begins to run. Is that right or wrong? Yes, that is correct. So in other words, if my client waited another year, he filed suit according to the record 185, page 16, paragraph 88, he learned in January 2016 that he had these claims. So he had three years from then to file suit. Yes, or he would be barred. That's right. But barred from suing because he's out of time, but the discovery has no effect on what damages he can recover if he timely files, right? Well, if he . . . You said there's no statutory limitation on how far back you can go. Right, so when he timely filed in this case in January 2016, his damages can go all the way back to when the infringements all first started. Okay, I get your position. Thank you. Yes, Your Honor. Can I ask you just to follow up on something that, with the exchange you have with Judge Wharton, just to clarify something with me? Is it your position that this is not an ownership dispute, that this is not covered by Webster? Yes, it really isn't. There is an ownership aspect to it. Like I mentioned, the defense is saying, well, we don't have an ownership claim. We're not saying we own it. But we don't want to go to trial on just your damages because we admit we infringed. So we want to take the position that other people own it. And so they are . . . They're saying you don't own it, right? Isn't that what they're saying? They're saying, well, with the record and as the judge below, there's findings that my clients do own, have the copyright registrations in their name on some of the songs and other songs in MSP. Entity has the registrations. And there's some dispute as to whether MSP is a DBA or an actual separate entity. So there is some dispute about that below. And that's what they're interjecting into this. But this case is not a . . . The defendant says it owns the copyrights. The plaintiff says it owns the copyrights. And that's what we're going to try. That is . . . So therefore, it's really not an ownership case as I see it. So do we have a circuit split between the Ninth and the Second Circuit? Because Judge Ruiz followed, I believe it's the Second Circuit's decision in SOM interpreting Petrella where he says there's an explicit delimitation of damages. Well, this is what's so interesting about SOM, Your Honor, is that in terms of the discovery rule or what they call in state court the delayed discovery doctrine, there is no disagreement because the SOM panel holds that the discovery rule does apply to trademark infringement cases. But SOM, as MGM says, that should be the end of the matter. But the SOM court says now that we've decided the discovery rule, we're going to hold that anyone bringing a trademark infringement case can only get damages going back to three years. And the authority that the SOM panel relies on, by the way, is the author of that opinion, Judge Sullivan. He relies on his own case, Papazian versus Sony Music Entertainment. And he ruled in Papazian when he was a district court judge, he ruled that, and you heard I just read you 507, he says 507 has a very clear and specific limitation of a damages remedy to three years. And respectfully, we think the Eleventh Circuit should not follow that because 507 does not contain any such specific limitation. Can I just, I still don't understand your, please, I still don't understand your position on whether this is governed by Webster. So in footnote 11 of your brief. Yes. You say, you talk about Webster and you say that the only dispute remaining aside from assessment of damages is whether MSI and Neely own the copyrights in the musical works. Not in relation to these defendants. These defendants are saying, well, we're going to take the position MSP owns some. They got summary judgment on that. We'll appeal that after final judgment. And they're going to take the position that there's another couple that are owned by someone else. A true ownership case is when, like in Webster versus Dean Guitars, those two parties were arguing over whether they owned the copyright. And in this case, we feel, we acknowledge that to that extent, it's an ownership case. But it's not primarily an ownership case. This is primarily a case where for many years, the appellees infringed on my client's copyrights that he registered. This has to be about ownership in part, right? Because the district court ruled in affirming the magistrate judge's report and recommendation that you had presented insufficient evidence of ownership as to some of the songs. As to the ones that are in the name of MSP. I mean, that's what . . . But the question is whether or not the district court got that ownership question wrong. As to those songs, this is about ownership, right? Well, that's not part of this appeal. This is just solely limited to, we did want to appeal the summary judgment ruling, but we were limited on the jurisdictional question to only the narrow issue on whether or not MGM should be followed or some. Right. Yeah, and I guess here's the question I have about. So Webster, I think we all agree, says that in a copyright ownership dispute, the discovery rule applies, right? Yes. I think as Judge Jordan pointed out, we have never answered the question whether the discovery rule applies outside of that context. I agree. Yes, that's correct. Okay. So, is it your position that this is an open question as applied to this case, or is it controlled by Webster? It's an open question as applied to this case. We feel Webster helps us, but really because we view this as infringement, we just think it's primarily infringement. We view this as an open question in the case. But we do urge the court to follow STARS. Thank you. Thank you. Karen Stetson. Good morning. Karen Stetson on behalf of Warner Chapel Music and Artists Publishing Group. I'm going to excuse my opponent because he's not the trial attorney, but the parties have stipulated in the pretrial stipulation in this case that the gravamen of this case in the language of Webster is an ownership dispute. And in fact, the facts are virtually identical to Webster in that in Webster, which was authored by Your Honor, the permission was granted to the defendant by a third party, and then after the third party was licensing the work that had to do with guitars and they were reissuing copies of the guitar, another person came out of the woodwork, so to speak, which is exactly what happened here, and said, you got permission from the wrong person, I'm the right person. So it's really identical facts. We have... I'm sorry. Go ahead. He says ownership is not disputed. That's not an issue in this case. It's the only issue other than statute of limitations. And what I mean by that is substantive statute of limitations. But the parties have stipulated in the pretrial stipulation that the remaining issue is ownership. Because it's not disputed that if they get past what I would call the substantive statute of limitations, meaning that they're timely in court, and if they get past the ownership issue, which they've not been able to do as yet, then all that's left is damages. Because there's no dispute that we have been engaged in this licensing activity. So if ownership is disputed, then we apply the discovery rule, and his argument is that, well, this case doesn't fit within Webster versus Dean-Guitars. It's a different type of case. I don't understand the argument, because it's exactly Webster, and it's been stipulated below that the Graveman is an ownership case. And when it's an ownership case, the infringement part of the case is basically secondary to ownership. And if the plaintiff is successful on ownership, you essentially go straight to damages. But what I would say is controlling in this case, and our interpretation of Petrella, which is consistent with that, is a combination of what this court has done in Latrice and in Webster. And in Latrice, this court approved the rolling method of damages, which said you only go back three years. That was cited by the Supreme Court with approval in a footnote that this court was basically ahead of the curve, if you will, on accepting the three-year look back. Here's the issue I have with that. So let's say this is governed by Webster, where we have adopted the discovery rule. How does the three-year look back make any sense if it's a discovery rule, right? Because the infringement or whatever, the damage, the injury, could happen 15 years ago, but the statute of limitations runs from discovery. If you have a three-year look back, then there's just no damages that you can recover. So it just means there's no discovery rule. Well, that plaintiff may be out of luck. But in this case, the statute of limitations is vital, because per Webster, unlike what I would call an ordinary infringement action, which you're right, this court has never adopted the discovery rule for what I would call an ordinary infringement action, in the context of the ownership dispute, if it only accrues once, meaning that these plaintiffs would not get the benefit of the success of infringements as sort of a backup to get into court if they did know. So they get one shot at it. But what you have to do, and what Soam did to try to reconcile Petrella, was to disassociate the accrual, which I think could be stated simply as, is the plaintiff timely? And I think the Supreme Court was not really particularly interested in what rule or accrual rule you use to come out with that answer. Different jurisdictions use different rules. So that gets you into court. But once you're in court, that's your ticket. The issue still remains, what damages can you get? And the Supreme Court But it seems like what you're saying, though, when you're saying that. And I mean, and I'm just, I'd appreciate some thought on this. So like, if the three year look back or whatever, doesn't, basically, if it doesn't run from injury, if your statute of limitations doesn't run from injury, it runs from discovery. So the injury can happen well before discovery. It seems like you're saying you have the right to sue, but not the right to get anything in basically every case. It seems like really what you're doing is just running the statute of limitations from injury instead of from discovery. No, I mean, it isn't the case. There are some plaintiffs, yes, I agree, will be out of luck. And I think that the Supreme Court Yeah, explain how that makes any sense. They're out of luck if we adopt your rule, but we don't have to. So I guess my point is, why would we adopt your rule? Yes, I'm going to tell you. But in this case, there are damages in the three year look back period. They just want more damages. I just want that clear. And there is still the prospective relief, which these plaintiffs have told a judge in a companion case that they're quite happy with the prospective relief because in this case, it would essentially clear title, and that would allow them to then commercially exploit the works into the future. But I understand that the interpretation does harm some plaintiffs. I don't think there's any question about that. Well, it's not that it harms them, it's just it seems like it undermines the whole idea of a discovery rule because you're basically saying that, you know what, you should have done? You should have filed within three years of injury, which is not a discovery rule. It's a cruel rule, right? So your claim accrued when you were injured. Had you filed three years within that, you'd be able to sue for these damages, but you didn't. I understand. I understand the dilemma there. This decision, Petrella, was decided in the context of latches. So it was all about delay. The whole case was about delay. The court looked at it from both sides, very much scrutinized it from the defense side. And this is the compromise that it came out with. Now, both the majority and the dissent in Petrella agreed that the statute only allows retrospective relief running back three years from the date of the complaint. It's backward looking. Where does the majority say that? Where does the majority say it? Yes. The majority says it. They refer to damages, look back period of three years before filing suit. It says that 11 times, that there's a look back period of three years before filing suit. It says four separate times that a copyright plaintiff is limited to retrospective relief three years before the filing of the complaint. And as a quote, it says, allows plaintiffs to gain retrospective relief running only three years back from the date of the complaint. They call it a controlling time prescription. And they explicitly state, a successful plaintiff can gain retrospective relief only three years back from the time of suit. And the dissent says, yeah. The time of suit? In the time of suit. It's backward looking from the time of suit. So the accrual gets you in the door. Regardless of when accrual is. Right. Accrual will determine whether you have the right to be in court at all. So in this case, we say that if they cannot, well, we think there are tons of red flags in this case where they should have investigated. So we think that they're going to be out of court altogether. But if they are still, if they get over that hurdle, then their damages are going to be limited to the three year look back period. I just don't think you can ignore the Supreme Court saying this over and over and over. It means something. It's all dicta, though, because the court, the case did not involve damages. It involved whether or not latches could affect the statute of limitations for suing. I don't think you can say that it's dicta when the holding is that you don't need latches because the statute itself already accounts for delay with this three year look back damages cap. It says that. It says it very specifically. You say three years damages cap. You're talking about a three year statute of limitations, right? That's the three years. Well, yes, it is. But they're basically, my reading and other people who are a lot smarter than me reading, is that in order to square Petrella, you have to disassociate the accrual with this damages cap. That is the way. Otherwise, and I mean, let's look at the- But you're still hooking them. Because you're still using three years from accrual if there's a discovery rule to figure out damages. Now, if 507B is a statute of limitations, why should it govern damages? Well, this court in Latress said itself that the statute of limitations deals with damages, that it's about damages. That that's the, looking at the congressional intent, it said that it was basically a damages statute. Your opponent says that the damages provision instead is 504, and that 504 has no backward looking limitation, subject to latches, of course, which is equitable. That's what he says. He says you look to 504 for the damages that are available. 507 is only a statute of limitations for when you can sue. Why is he wrong? Well, because the Supreme Court said it was interpreting the statute of limitations in imposing this damages cap. Well, what statute governs damages in a copyright infringement action? Well, there's the statute that says, that lists, what are the recoverable damages? But the Supreme Court is saying- And that's 504, right? The Supreme Court is saying, yes. But the Supreme Court is saying the statute of limitations governs the scope of damages. It says it repeatedly. I know what Petrella said, and I understand why you are citing it repeatedly. And I would, too, if I were in your position. But from a statutory standpoint, that doesn't make much sense to me. A statute of limitations provision usually is not a damages limitation provision absent some statutory statement to that effect or some judicially created. Maybe what you're saying is that the Supreme Court created a limitation on damages. That seems odd, given that 504. If 507 were the only statute out there, I could see, maybe not agree with, but I could see a court, including the Supreme Court, interpreting that provision to provide a three-year window going backwards for damages relief. But if you have 504 that doesn't have such a limitation, I don't understand why that exists. I mean, you have other statutes, for example, like the Fair Labor Standards Act that, and I know it's dangerous to cross from one substantive area into another, but it's an area where Congress has said, you can go back x amount of time. But if the violation is willful, you get to go back a further period of time in terms of recovering damages. And there doesn't seem to be any sort of structure like that for copyright infringement. Well, I would like to quote from this court's decision in Latresse where they talked about the statute of limitations and said that the intent of the drafters was that the limitations period would affect the remedy only and said that the statute of limitations serves only to limit the period of recovery for three years, citing the Second Circuit's decision in Stone. So even this court, looking at congressional intent, I mean, I would like to discuss why I think STARS doesn't make sense or having unlimited damage doesn't make sense. And that is, from a policy standpoint, the Supreme Court started out by saying the statute of limitations is enacted to avoid forum shopping and for uniformity. So this interpretation, where it's unlimited damages, could go back 50 years, that two plaintiffs within a discovery rule jurisdiction in the same jurisdiction, one could win the lottery because they didn't pay attention to their copyrights, had no idea what was going on, willfully blind, feigned ignorance, all these kinds of situations, whereas the other copyright owner in the same jurisdiction is limited to the three-year lookback, who was diligent, paying attention, which is what a copyright owner is supposed to do. Yeah, I mean, all of that seems like a really good argument against having a discovery rule. That's, I guess, this is my issue, is that if you're going to have a discovery rule, it's because you've already rejected all that. And you've said, look, we want people to be able to sue, even though they didn't know about it at the time. And it's been many, many, many years. These things happened 10 years ago, but they didn't discover them until today. And so we still want them to be able to sue over those things. It just seems like all of your arguments are great arguments against having a discovery rule. But weirdly, you concede that the discovery rule applies, and the other side is arguing that it's an open question. Right. Well, it should be kept in mind that it came up to the Supreme Court from a jurisdiction that had the discovery rule. Obviously, the Supreme Court, when they were saying all this, was well aware and noted that some courts use one accrual rule, some courts use another accrual rule. This court, in fact, in deciding Webster had to choose between two different accrual rules. They were looking at the express repudiation, went with the discovery rule. It's supposed to be sort of a heightened discovery rule. But the point is that the Supreme Court, and I have to really disagree that it's dicta, because I just don't know why a court would say this in such strenuous terms with no exceptions. They knew about the discovery rule at any one of these junctures 11 times that I've mentioned. They could have said, you're limited to the three years, unless, of course, you're in one of these discovery jurisdictions. So that interpretation just doesn't make sense. We think that the Supreme Court meant what it said. It's language that can't be ignored. It was construing the Copyright Act statute of limitations. It has affirmed that it was construing the Copyright Act statute of limitations in a subsequent case, ASC Hygiene,  Even if it's not, it's not ambiguous. Even though we understand that it can cause problems, it doesn't eliminate a plaintiff's damages. In this case, it doesn't eliminate their damages. They just want more damages than they would be titled to under that rule. So we would ask, based on Petrella, Sohm, Webster, and Latrice, to affirm the lower court's interpretation. Thank you, Ms. Stetson. And Mr. Kleppan, you've reserved some time for rebuttal. I'd like to dive right into Latrice. Latrice simply does not stand for the proposition. It's not a holding. She, the appellees, cite Latrice only in footnote 16 of their brief. And they note that in footnote 39 of that particular opinion, there's simply a reference. And it's a one-sentence reference to 507B. And the quote is that 507B limits the period of recovery to three years. So it's not a holding of the case, and it doesn't bind this panel. With Webster, if the court is going to look at this as an ownership dispute, Webster makes very clear the holding of Webster is that it joined several other circuits and specifically held that as long as you then file suit within three years of learning that there's an issue, a dispute is the ownership, then you filed it timely. And the summary judgment order concedes that. It cites to docket entry 184, page 42, and says that the appellants here did not learn of the issues until January 2016, and suit was brought in 2018. The other issue I'd like to bring that I think is so critical here is if you've looked at the commentary concerning Psalm and Petrella, and if you look at it concerning MGM, and there's almost no negative commentary as to how STARS versus MGM was decided. In fact, the amici that joined in STARS was six or seven amicus briefs were filed where artists, scientists, all sort of intellectuals and creative people in our society and groups that represent them stood up and said, listen, is what's gonna happen here if there's a discovery rule but damages are limited to three years, you're gonna have crafty people and companies in society that are gonna infringe on trademarks, they're gonna do it as secretively as they can, and then stop doing it, and they're gonna make an awful lot of money on other people's inventions, innovativeness and creativity, and the people that created it and were the innovators and the inventors are gonna get shafted on it economically. That's really what the dispute is here, and we think from a public policy perspective that this is a no-brainer that the court should be following STARS versus MGM. And also, if you take a look at the number of district courts that have followed the MGM, STARS versus MGM, even after Petrella, the MGM opinion cites a footnote at the end of it where it's 15 to one. For every district court judge that is saying, no, these damages are capped by statute to three years, there's 15 district court judges of all different backgrounds, all throughout the country in random places that are all following STARS versus MGM Entertainment. Even the SOM opinion notes that the Supreme Court statements in the Petrella opinion are dicta. That is absolutely mentioned in that opinion. It's also mentioned in Papazian. That's a lot of, and I think that's probably the better argument, but still, it's a lot of language. And, you know, Supreme Court might have had a reason for saying that so many times. It did, and the reason is the context. Remember, in that case, the plaintiff admitted and said and pled and stuck with it were only going back three years. And so- All the more reason for the Supreme Court to say nothing about damages in that case. Well, not when you're gonna apply lanches, and that's how that attorney got past that. That was exceptional lawyering, if you ask me, what went on in the Petrella case, exceptional lawyering. And I don't think that- They were saying it in the sense of, oh, this is not really gonna be a problem because you can still apply latches to damages within the three-year window that this plaintiff is seeking to recover. They weren't talking about damages beyond the three-year window going backwards because, as you said, they weren't at issue. Yeah, and the issue- It's a difficult case to read, I think. Well, I think if the Supreme Court really wanted to say that if you take a look at 504 and 507 in paramateria, and you're gonna conclude from that analysis of those two sections that damages are somehow limited to three years, we would see all sorts of things in the opinion about how we're going to use the statute's plain meaning. These are what the plain words are. If that's sufficient alone, then we don't get to the legislative history, as you heard Appley Council say that we should get to here, because I think I read 504 and 507 to you. I think they're very plain. None of that statutory analysis is present in Petrella. They just simply did not submit, and you can see this from STARS. You can see how it's described there. There was absolutely no taking 504 and 507, looking at them in paramateria and concluding from that whether or not damages were limited. Can I ask you to comment on this suggestion, which is it seems like one way to read the Supreme Court's dicta, I think, in that opinion is that the Supreme Court assumed that a discovery rule would not apply, that you get a new claim with each infringement, and you get three years to sue over that when you're injured, and then when you don't sue within three years of injury, then you can't sue anymore. Yeah, why that isn't the case is because of the footnote that is contained in Petrella, where the court notes that, I think at that time, it was eight circuits. Yeah, it said, no question, it didn't hold that, but I guess my point is that the way to read it might be that it assumed that there was not a discovery rule. No, I think it assumed that most circuits are gonna find that there is one, but it just wasn't an issue. It wasn't for them to comment on. There's just nothing in that opinion because of the strange nature of that procedural posture. There's no reason for them to comment one way or the other on even though eight circuits have found this, we don't agree with it, or we suspect we might not, or for that matter, that we do agree with it and would follow those eight circuits. They just don't say absolutely one way or the other because they didn't need to for purposes of deciding that appeal. You have your argument. Thank you, counsel. Thank you, your honor. Court is in recess until nine o'clock tomorrow morning.